(No. 1553—)

HERMAN L. OHLENDORF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

CLARK, YOUNG, BULL & ROOT, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, Herman L. Ohlendorf, claims damages for an injury to his automobile which occured while on Illinois State Highway No. 7 on October 18, 1929. While driving on this highway from Morris to Joliet, he drove his car through the barricades into a hole or depression approximately fourteen inches deep in the roadway, and thereby lost control of his car, which ran off of the shoulder into a fence post. His automobile was damaged but fortunately the claimant was uninjured. For the damage to the car, the claimant has presented a bill in the amount of $106.44.

There is no dispute as to the fairness of the bill presented, but the liability of the State is questioned by the Attorney General.

It seems that this highway had been under repair for about a month prior to the accident. Patches were being made in the pavement and in order to protect travelers, standard warning signs and barricades were erected at the excavated places.

Lanterns and torches were being made. The claim is made that the lantern at the place where the accident occurred was not burning at the hour of 6:15 o'clock p. m. when the claimant's automobile was damaged. The Chief Highway Engineer, in making a report of the accident, which counsel for claimant in their reply brief ask to be considered as part of the record in the case, says that a man was hired to fill, clean and trim the lanterns and torches. He further says that reports had come to his attention that this man was not performing his duty satisfactorily. Therefore, the foreman in charge of the patching crew was instructed to check on the lights early in the evening and again in the middle of the night and was unable to find any irregularities. The engineer further said that he personally found the signs, barricades and lights in first-class condition. Counsel for claimant concede the contention of the Attorney General that the doctrine of respondent superior does not apply to a state in the exercise of purely governmental functions. But counsel do contend that this case should be considered under the principle of equity, good conscience and "simple justice." The rule in this regard, which has been well established by this court, is set forth in the cases of Theodore Stoddard, et al. Nos. 1066, 1067 and 1068, Court of Claims Reports, Vol. 6, pages 29 and 30. To so base a claim, it has been repeatedly held that the act of the State's agent or employee must have been grossly careless or wantonly negligent. In this case, the element of gross carelessness or wanton negligence is lacking. The Chief Highway Engineer certainly did his duty, as did the foreman in charge of the patching crew. The fact that after the accident the caretaker was released does not establish gross carelessness or wanton negligence. It is not "a question of the feeling of the court in this regard" but a plain question of fact and the application of the law in regard thereto. We have very carefully studied the evidence and facts submitted and have come to the conclusion that from all these facts and circumstances, the case cannot be considered as one coming under the rule equity and good conscience.

Therefore, it is recommended by this court that the claim be disallowed, the claim is denied and the case dismissed.